## NOTICE OF RIGHTS

YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, WE WILL ASSUME THE DEBT TO BE VALID.

SHOULD YOU DISPUTE THIS DEBT AND NOTIFY US IN WRITING OF THE DISPUTE WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH VERIFICATION OF THE OBLIGATION.

UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT THAN THE CURRENT CREDITOR.

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br>United States of America Acting Through the Rural<br>Housing Service or Successor Agency, United States<br>Department of Agriculture<br><br>Plaintiff,<br><br>-against-<br><br>Patti J. Turk<br>"JOHN DOE #1-5" and "JANE DOE #1-5", said names<br>being fictitious, it being the intention of plaintiff to<br>designate any and all occupants, tenants, persons or<br>corporations, if any, having or claiming an interest in<br>or lien upon the premises being foreclosed herein,<br><br>Defendants | CASE NO. 5:18-cv-930 (LEK/ATB)<br><br><br><br><br><br><br>**COMPLAINT**<br><br>**ACTION TO FORECLOSE<br>A MORTGAGE** |

The plaintiff herein, by MANFREDI LAW GROUP, PLLC, its attorney, complains of the defendants above named, and for its cause of action, alleges:

1. This court has jurisdiction under the provisions of Title 28, United States Code, Section 1345.

2. The plaintiff, having an address of UNITED STATES DEPARTMENT OF JUSTICE, NORTHERN DISTRICT OF NEW YORK, 441 SOUTH SALINA STREET, ROOM 356, SYRACUSE NY 13202-2455 is authorized to issue loans to borrowers by and through the Department of Agriculture.

**THE NOTE AND MORTGAGE**

3. That on or about June 15th, 2010 the defendant Patti J. Turk for monies loaned and for the purpose of securing to plaintiff or plaintiff's predecessor, its successor and assigns, a sum of money, duly executed and acknowledged a Promissory Note in the amount of

$114,900.00 plus interest at the rate of 4.8750% and agreed to repay said sums in 396 monthly principal and interest installment payments each and every month beginning on July 15th, 2010.

4. A copy of the Promissory Note is attached as Exhibit A.

5. That as security for the payment of said indebtedness, a Mortgage was executed acknowledged and delivered to the stated Lender/Mortgagee/Plaintiff its successor and assigns under certain conditions with rights, duties and privileges between the parties as described therein.

6. A copy of the Mortgage is attached as Exhibit B.

7. The Mortgage was recorded on 6/21/2010, Instrument No.: 2010-3248, in the Madison County Clerk's Office.

8. The mortgaged premises is 107 Third Street, Canastota, NY 13032, Section: 36.79 Block: 1 Lot: 21 described herein annexed as "Schedule A".

9. Furthermore, annexed hereto along with the mortgage as Exhibit C are Rural Housing Service Payment Subsidy Agreements. Pursuant to the Mortgage and said Subsidy Agreements, the Plaintiff is entitled to recapture said subsidy amounts.

10. Upon information and belief, the subject mortgaged property is abandoned.

11. The Plaintiff is the owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note.

12. That said mortgage was duly recorded and the mortgage taxes due thereon was duly paid in the Madison County Clerk's Office at the place and time that appears therein.

13. That Patti J. Turk failed to comply with the conditions of the Promissory Note by failing to make payment due and on July 15th, 2017 the loan was accelerated at which time the Defendant was 122 days behind scheduled payment.  ¶ "DEFAULT" Exhibit A, ¶ 22 Exhibit B.

14. The Plaintiff elected to accelerate the mortgage debt, duly notified Defendant of the default, and provided the information necessary to cure, sent in accordance with the terms of the mortgage, to the address on file for the defendant at the time the notice was sent but defendant failed to timely cure resulting in the necessity of the commencement of the present foreclosure action.  Notice was sent and advised the borrower of her default and advised the Plaintiff's intend to foreclose on her rights in the subject property.

15. The property which is the subject of this foreclosure action does not meet the definition of a "home loan" pursuant to New York RPAPL §§ 1304 and 1306, because the mortgaged property is abandoned and is not the Defendant Patti J. Turk's principal residence.

16. The Plaintiff is exempt from complying with the 90 day notice provisions of RPAPL §§ 1304 and 1306 because the mortgaged premises is abandoned.  The Notices of Intention to Foreclose is set forth as Exhibit D was accepted by certified mail on June 14th, 2017.

17. There is currently due the following sums:

| | |
|---|---|
| Principal (Note) | $120,955.57 |
| Interest (Note) at 4.875% per annum From March 15, 2015 through August 6, 2018 | $ 20,032.32 |
| Principal (Advances – Taxes/Ins/Maint) | $ 13,946.79 |

| | |
|---|---|
| Interest (Advances – Taxes/Ins/Maint) | $   1,068.07 |
| Escrow/Impound (Advances paid, but not yet posted to account's Advance Principal) | $   2,361.72 |
| Late Charges Due | $        26.04 |
| Interest Credit (Subsidy) Granted $13,395.29 (Subsidy Calculated for Recapture) | $         0.00 |
| TOTAL DUE THROUGH August 6th, 2018 | $158,390.51 |

18. That in order to protect its security, the Plaintiff may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises, and hereby requests that any sums paid by it for said purposes, with interest thereon, be added to the sum otherwise due, be deemed secured by the mortgage and be adjudged a valid lien on the Mortgaged Premises.

19. Patti J. Turk is included in this lawsuit as record owner of the Mortgaged Premises and borrower under the Promissory Note and Mortgage.  Exhibits A & B.

20. The true names of the Defendants "JOHN DOE #1-5" and "JANE DOE #1-5" are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

21. The Plaintiff is now the true and lawful holder of record of the said note and is mortgagee of record and has authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note.

22. The Plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

23. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage or any part thereof.

24. That the Certificate of Merit pursuant to CPLR 3012-b is annexed hereto and made a part hereof.

25. The Plaintiff is not seeking a deficiency judgment in this lawsuit.

26. The Plaintiff is not seeking attorneys' fees in this lawsuit.

27. The Plaintiff seeks a judgment of foreclosure and sale only.

**WHEREFORE,** Plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbarance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien, interest or equity of redemption in the mortgaged premises;

(b) of foreclosure and sale the mortgaged premises 107 Third Street, Canastota, NY 13032 as shown in annexed Schedule A may be decreed to be sold according to law

(c) That the priority of liens against the real property be determined by the Court, and the proceeds of the sale of said property, after proper court costs, be distributed among the owners and holders of liens against said property in the order of priority thereof as determined by the Court; and

(d) That the total amount due to the Plaintiff on the NOTE and MORTGAGE as described herein be adjudged;

(e) That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same; and

(f) That the Plaintiff may have such other and further relief which as to this Court may seem just, reasonable and proper.

Dated:  August 7, 2018

/s/ John Manfredi  
John Manfredi, Esq.  
Manfredi Law Group, PLLC  
Attorneys for Plaintiff,  
302 East 19th Street, Suite 2A  
New York, New York 10003  
Telephone No. (347) 614-7006

WebTitle File No.:  WTA-18-014153                    Client File No.:

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

ALL THAT TRACT OR PARCEL OF LAND, with the buildings and improvements thereon erected, situate, lying and being in the Village of Canastota, County of Madison, New York, bounded and described as follows:

BEGINNING at an iron pipe on the south boundary of Third Street, said point being 210 feet more or less east of the intersection of the east boundary of High Street and the south boundary of Third Street; thence S. 0° 47' W, 187 feet more or less to an iron pipe; thence S. 88° 35' E, 69 feet more or less to an iron pipe; thence northerly 189 feet more or less to a point in the south boundary of Third Street which point is 69 feet more or less easterly of the place of beginning; thence N. 89° 22' W 69 feet more or less along the south boundary of Third Street to the place of beginning.

Premises:              107 Third Street, Canastota, NY 13032
Tax Parcel ID No.:     Section: 36.79 Block: 1 Lot: 21

UNITED STATES DISTRICT COURT                    CASE NO.
NORTHERN DISTRICT OF NEW YORK
United States of America Acting Through the Rural
Housing Service or Successor Agency, United States
Department of Agriculture

                            Plaintiff,

    -against-                         **Mortgaged Premises:**
                                        107 Third Street, Canastota, NY 13032

Patti J. Turk
"JOHN DOE #1-5" and "JANE DOE #1-5", said names
being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein,

                            Defendants

---

### CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-B

John Manfredi, Esq., pursuant to CPLR § 2106 and under the penalties of perjury, affirms as follows:

1. I am an attorney at law duly licensed to practice in the state of New York and a member of the law firm Manfredi Law Group, PLLC the attorney of record for Plaintiff in the above-captioned mortgage foreclosure action. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2. I have reviewed the facts of this case and communicated with <u>Charles Cross</u>, a representative of Plaintiff concerning the subject of this action.

3. Based upon my communication with the Plaintiff and my review of the pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by the defendants and all instruments of assignment, if any, and any other instrument of indebtedness including any modification, extension, and/or consolidation, and to the best of my knowledge, information and belief, there is a reasonable basis for the commencement of this action and that Plaintiff is currently the creditor entitled to enforce rights under such documents.

4. I further certify that to the best of my knowledge, information and belief, formed after reasonable inquiry regarding the present action, the presentation of the pleadings or

the contentions contained herein are not frivolous as defined in 22 NYCRR 130-1.1(c).

Dated:  August 7, 2018

/s/ John Manfredi
John Manfredi, Esq.
Manfredi Law Group, PLLC,
Attorney for Plaintiff,
302 East 19th Street, Suite 2A
New York, New York 10003
Telephone No. (347) 614-7006

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF NEW YORK<br>United States of America Acting Through the Rural<br>Housing Service or Successor Agency, United States<br>Department of Agriculture<br><br>                              Plaintiff,<br><br>        -against-<br><br>Patti J. Turk<br>"JOHN DOE #1-5" and "JANE DOE #1-5", said names<br>being fictitious, it being the intention of plaintiff to<br>designate any and all occupants, tenants, persons or<br>corporations, if any, having or claiming an interest in<br>or lien upon the premises being foreclosed herein,<br><br>                              Defendants | CASE NO.<br><br><br><br><br><br><br><br>**ACTION TO FORECLOSE**<br>**A MORTGAGE** |

### AFFIDAVIT OF VERIFICATION FROM
### THE U.S. DEPARTMENT OF AGRICULTURE

STATE OF NEW YORK          )
                           ) *SS*
COUNTY OF ONONDAGA         )

   Before me, the undersigned authority, personally appeared Affiant, who was sworn and says that:

   1.   Affiant is employed by the United States of America and holds the position of Single Family Housing Program Director, with the USDA Rural Housing Service (formerly Farmers Home Administration), Syracuse office and is authorized to make this Affidavit.

   2.   Affiant has read the foregoing Complaint.

3. Affiant has personal knowledge of the matters set forth herein based on my review of the Note, Mortgage and other loan documents related to this action and of business records of the United States Department of Agriculture related thereto. On information and belief, such records were made at or near the time of the event described therein by, or from information transmitted by, a person with knowledge of the event described therein. Such business records are kept in the ordinary course of the regularly conducted business activity of such persons of the US DEPARTMENT OF AGRICULTURE and it is the regular practice of the US DEPARTMENT OF AGRICULTURE to make and keep such business records.

DATED ON this 6th day of August, 2018.

Jennifer R. Jackson
Single Family Housing Program Director

Sworn before me on this
_____ day of August, 2018

NOTARY PUBLIC

SUSAN C. GALSTER
Notary Public In the State of New York
Qualified In Onondaga County No. 4782367
My Commission Expires May 31, 19.2019

ACTIVE: U06092/364524:7727586_1