| UNITED STATES DISTRICT COURT | CASE NO. 5:18-cv-930 |
|---|---|
| NORTHERN DISTRICT OF NEW YORK | |

United States of America Acting Through the Rural Housing Service or Successor Agency, United States Department of Agriculture

                            Plaintiff,

   -against-                           **JUDGMENT OF FORECLOSURE AND SALE**

Patti J. Turk;
"JOHN DOE #1-5" and
"JANE DOE #1-5"     Defendants

---

      On the summons and complaint filed on August 7, 2018; on the notice of pendency filed in the Office of the Madison County Clerk on August 13, 2018; on the annexed Affirmation of John Manfredi, attorney for Plaintiff, on the affidavit of Jennifer Jackson, sworn to on the 14th day of September, 2018, the Clerk's Entry of Default against Patti J. Turk on September 17th, 2018, and upon all of the proceedings had herein, the Court finds that:

      This action was brought to foreclose a mortgage on real property located in the County of Madison.

      The entire balance secured by said mortgage, $161,011.93 including principal and interest and with carrying charges expended by plaintiff is now due and payable.

      Defendant was duly served with the summons and complaint. The time to answer or move with respect to the complaint has expired and the same has not been extended by consent or by order of this Court. No answer or motion directed to the complaint has been interposed by or on behalf of the defendant. Defendant is not an infant, incompetent or absentee. Accordingly, Defendant is in default.

      A notice of pendency containing all the particulars required by law was filed in the Madison

County Clerk's Office on August 13th, 2018.

The mortgaged premises should be sold in one parcel.

The amount computed by the Court to be due to Plaintiff on the note and mortgages described in the Complaint is now $161,011.93 that includes principal and interest and advances for real estate taxes, assessments, water rates and other charges expended by Plaintiff through September 14th, 2018, plus costs and disbursements of $887.72.

**NOW**, on motion of Plaintiff United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by Plaintiff, it is

**ORDERED AND ADJUDGED** that the action is dismissed against defendants John Doe 1-5 and Jane Doe 1-5, and it is

**ORDERED AND ADJUDGED,** that Plaintiff has judgment for the sum of $161,011.93 plus additional interest accruing at a rate of 4.875% per annum from September 14th, 2018, plus $887.72, as taxed by the Court for the costs and disbursements of Plaintiff in this action, and it is further

**ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and as hereinafter described, be sold in one parcel, subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held in the lobby of the Madison County Courthouse, at 181 Kenwood Ave., Oneida, New York, 13421 by and under the direction of Peter J. DiGiorgio, Jr., Esq., of 2103 Genesee St., Utica, NY 13501, who is hereby appointed Master for that purpose; that said Master give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in an appropriate publication; that Plaintiff or a governmental agency thereof or any other party to this action may become the purchaser at such sale; that in the event Plaintiff or such governmental agency shall become the purchaser at the said sale shall not be required to make any deposit thereon; that said Master execute and deliver to the purchaser at such

sale a deed of the premises sold; all taxes, assessments, water rates and other encumbrances which at the time of sale are liens or encumbrances upon said premises will be paid by the Purchaser in addition to the bid price, unless the purchaser shall, previous to the delivery of the Deed, produce to the Master proof of the payment of such liens or encumbrances including any interest or penalties due which may lawfully have accrued thereon to the day of the payment. Any state or local real estate transfer tax or real property transfer tax will be paid by the purchaser.

That said Master then deposit the balance of said proceeds of sale in his own name as Master in an appropriate bank, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: the sum of $750 to said Master for his/her fees herein.

2nd: the expenses of the sale and the advertising expenses as shown on the bills presented to said Master and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd: The sum of $ 887.72 to Plaintiff for its costs and disbursements in this action, and also the sum of $161,011.93, with interest at 4.875% per annum from September 14th, 2018.

Said Master shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his/her report of sale. Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with said Master, said Master shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold.

Plaintiff or such governmental agency shall pay the amount specified above in items marked "1st", "2nd" and "3rd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Master shall apply the balance of the

amount bid, after deducting therefrom the aforesaid amounts paid by plaintiff or such governmental agency, to the amounts due plaintiff item marked "3rd", and if there be a surplus over and above said amounts due and allowed to plaintiff, plaintiff shall pay to said Master, upon delivery of said Master's Deed, the amount of such surplus, and said Master shall deposit said surplus as hereinabove directed.

Said Master shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her report of sale; and it is further

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.

The premises affected by this action are situated entirely within the County of Madison and are designated as 107 Third Street, Canastota, NY 13032 further described in annexed Schedule "A".

Together with all right, title and interest of the owner, if any, in and do the land lying in the streets and roads in front of an adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

June 12, 2019
Albany, NY

Lawrence E. Kahn
U.S. District Judge

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

ALL THAT TRACT OR PARCEL OF LAND, with the buildings and improvements thereon erected, situate, lying and being in the Village of Canastota, County of Madison, New York, bounded and described as follows:

BEGINNING at an iron pipe on the south boundary of Third Street, said point being 210 feet more or less east of the intersection of the east boundary of High Street and the south boundary of Third Street; thence S. 0° 47' W, 187 feet more or less to an iron pipe; thence S. 88° 35' E, 69 feet more or less to an iron pipe; thence northerly 189 feet more or less to a point in the south boundary of Third Street which point is 69 feet more or less easterly of the place of beginning; thence N. 89° 22' W 69 feet more or less along the south boundary of Third Street to the place of beginning.

Premises:             107 Third Street, Canastota, NY 13032
Tax Parcel ID No.:    Section: 36.79 Block: 1 Lot: 21